UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUTHER BASSE,

           Petitioner,

-vs-                                              Case No.  8:06-cv-1400-T-24MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

           Respondent.
_____/

## **ORDER**

    Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Luther Basse, a Florida prisoner. Basse challenges his conviction and sentence for escape entered by the Circuit Court for the Tenth Judicial Circuit, Hardee County, Florida.

PROCEDURAL HISTORY

    On February 12, 2002, the State Attorney filed an information charging Basse with escape. (Exh 7: Vol. 1: R 1-2).[1] Basse proceeded to jury trial on November 17, 19, and 20, 2003. The jury found Basse guilty of escape as charged. (Exh. 7: Vol. 1: R 72). On November 25, 2003, the state trial court sentenced Basse to fifteen years incarceration consecutive to the felony sentences that Basse is serving.[2] (Exh. 7: Vol. 1: R 115-116).

---

[1] Respondent filed the record. See Doc. Nos. 13 and 14. Citations are to Respondent's numbered exhibits.

[2] Basse is serving a life sentence for first degree murder, a thirty-year sentence for attempted first degree murder, and a seventeen year sentence for armed burglary in Circuit Court case number 92-3742CF.

Basse appealed. His appellate counsel filed an Anders[3] brief. Basse filed a supplemental pro se brief raising two issues: (1) did the trial court commit reversible error by ordering disclosure of witnesses while denying Basse an in-camera hearing? (2) did the trial court commit reversible error in denying Basse the services of an expert witness? (Exhibit 2). The State filed an amended answer brief, restating the issue as whether the trial court erred in denying Basse's motion for order of protective custody concerning inmate witnesses to testify in Basse's behalf. (Exhibit 3). Basse later filed a pro se reply brief. (Exhibit 4).  On April 15, 2005, in Case No. 2D03-5743, the state district court of appeal per curiam affirmed Basse's conviction and sentence. (Exhibit 5). Basse v. State, 902 So. 2d 141 (Fla. 2d DCA 2005)[table].

## THE PRESENT PETITION IS TIME-BARRED

Basse signed the present federal petition on July 26, 2006; the petition was received by the clerk of this Court on July 31, 2006. (Doc. No. 1).  The petition is untimely pursuant to the one-year limitations period of 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA, a person in custody pursuant to the judgment of a state court has one year from the date his judgment became final to file a § 2254 federal habeas petition. In this case, Basse's judgment became final on **July 14, 2005**, ninety days after the date of the state district court of appeal's judgment entered April 15, 2005. See Bond v. Moore, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's federal habeas petition started to run when time expired for filing petition for certiorari from state high court's denial of discretionary review). Rule 13(3) of the Supreme Court Rules provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date

---

[3] Anders v. California, 386 U.S. 738 (1967).

> of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3). See also, Chavers v. Secretary, Fla. Dept. of Corrections, Case No. 05-15163 (11th Cir. Oct. 31, 2006) (confirming that the one-year statute of limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days after the mandate was issued).

Basse's federal habeas petition was due in this Court on or before **July 14, 2006**. Even applying the mailbox rule, the petition was not "filed" by Basse until **July 26, 2006**, **twelve (12) days** after the one-year period had expired. Thus, the petition is untimely.

In his reply (Doc. No. 15), Basse concedes that the present federal petition is untimely. While the Court accepts Basse's statement that he had reconstructive knee surgery on May 5, 2006, the Court does not find that this situation entitles Basse to equitable tolling. Basse had several months (from July 14, 2005 until May 2006) to file a timely federal petition. Basse has not demonstrated extraordinary circumstances that would entitle him to equitable tolling.

Accordingly, the Court orders:

That Basse's petition is denied, with prejudice. The Clerk is directed to enter judgment against Basse and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute *entitlement* to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a

certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on January 5, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Luther Basse